Good morning. Our first case this morning is In re Estate of Mark Doman for the appellant, Mr. Phipps, and for the appellee, Mr. Tague. Did I pronounce that correctly? That's correct. All right. Thank you. You may proceed. Thank you, Your Honor. May it please the Court. In preparing my oral argument for this case over the weekend, my 15-year-old granddaughter asked me what I was doing, and I was telling her I was preparing for an oral argument, and she said, Well, what's the case all about? I told her, Well, the appeal involves the dismissal of half a case. And she said, How do you dismiss half a case? I said, That's the concept that I have been struggling with in this case, because I cannot imagine how cause is dismissed relates to dismissing half a case, nor can I imagine Judge Arnold Blockman dismissing half a case. In this case, what the probate court has done is ignore the fact that Judge Blockman in the divorce case dismissed the case. He dismissed it within 30 days, he had the authority to do it, and the case is gone. It's the function of the probate court to enforce that order. And the import of the order is, the Doman divorce case is totally gone, any orders that were in the case are gone, because the case is gone, there's no divorce, there's no jurisdiction, and no case. Therefore, it was the function of the probate court to enforce that order and treat Sarah Doman as a surviving spouse of Mark Doman, because they aren't divorced. Instead, we end up in a situation where the probate court, acting as an appellate court, comes in and starts to interpret what Judge Blockman does, and he starts with the basic proposition that cause is dismissed is ambiguous. Now, I've practiced... Can I ask you a question? Yes, ma'am. What would have happened if your client had remarried in that 30-day period? She had a judgment of dissolution. That judgment in the 30-day period did not become final. The court had the right to change that order. Have you ever had a client get married within the first 30 days after their divorce? Yes. I have also told them, don't do it, because strange things happen, and I have had strange things happen, and I've had to go in and try to fix it. What if it had been 35 days? 35 days, no problem. She would have been stuck? Yeah. Is what you're saying, that judgment, she would have been stuck and she would have been out of the... Well, it would have been... Final? Well, it would have been a final judgment. The divorce case would have to proceed under 401B, because it doesn't debate or anything like that. But within that 30-day period, the court has an absolute right to do, modify, do anything that is appropriate, or that it, in its inherent powers, has a right to do. The interesting thing in this case is that there are provisions for people to come in as part of the estate or as a special administrator to challenge what Judge Blockman did. They never did that. So that judgment of dismissal became final, and that is the order of the divorce court. And it's our position that the probate court has to follow the order of the divorce court, which is dismissing the case and restoring the parties to their pre-filing marital status. But instead, we've got this situation where the probate court is acting more like an appellate court in trying to interpret the dismissal order and coming into something that says dismissal is ambiguous. Well, cause is dismissed is the word of art that we have used in this state, in this country, and even in England for many, many years. And it is the typical way that you come in and get rid of cases. And it's what the judges in Champaign County do all the time when they dismiss a divorce case. Cause is dismissed is the words we use. I've even had appellate cases that I've seen here where the appellate court used cause is dismissed. That means the case is ended. And that's what happened in this case, and it's our position that Judge Leonard had to follow Judge Blockman's order. And that all of this that he did here is wrong. Because what he did was he ignored Judge Blockman's order, and then he got all wrapped up in the law about abatement and everything else. It came out with a result that deprived Sarah Goldman of all her rights. Under his order, she is neither the surviving spouse, nor because the ancillary issues were dismissed, able to go in under 401B and continue the case to take care of the... But she could file a claim in the probate case, couldn't she? No. Why not? As a creditor for her marital share of the property. Because that's already been adjudicated in the divorce case. No property rights were adjudicated in the divorce case. They're dismissed. That's the dismissal of the property rights part of the case operates to terminate the marital rights. Because that case no longer exists. Right. I'm not saying she'd come in as a spouse. I'm saying she would come in as a creditor. She had an interest in property that's now in the estate. Couldn't she assert her interest in the probate case? No. Because the divorce case adjudicated those marital rights and it gave her no marital rights. That's the problem with this whole process. We have a divorce case that disposes of the divorce matters. And so when you start tinkering with the divorce and you come back and say, well, we dismissed half the case. You're divorced, but you have no marital rights. Because they're dismissed, you can't come back in the probate court and say, hey, I want to try the divorce case. There is no jurisdiction in the divorce case to try those marital rights. Plus, the dismissal operates as an adjudication of those rights and she's barred from coming in and asserting marital rights. That's what's wrong with this whole process. What Judge Blockland did was never challenged. And that dismissal is a final order. And what happens is that case is gone. But if you follow what Judge Leonard did, she's divorced, even though the case is gone. And I don't know how you get around the fact that the case no longer exists and the court has no jurisdiction over the matter, but this order is out here in the ether. And it's valid, according to Judge Leonard, but the rest of the case is gone. And under the law, under Leopondo and all those cases, divorce is a single cause of action. You can't dismiss half the case. There's no basis to dismiss half the case. You have to dismiss either the whole case or none of the case. There's only two results that could have happened in this case. One, it was dismissed as Judge Blockland did it, or under 401B, the case continues and you adjudicate the marital property rights in the divorce case. Well, a third one exists, doesn't it? They could have gone in and asked him to vacate the judgment of dissolution. Yes, ma'am. And then dismiss the case. Unfortunately, I have looked and looked and looked to try to find some law that says that, and all you get is the case is gone, it no longer exists, and the parties are restored to their pre-filing status. But the only thing I had was my AmJuror site, which points out that the dismissal nullifies all the orders, and you don't have any judgment. There's no case to support the judgment. If there's no case, there can be no divorce. There's no jurisdiction. I mean, there's no way that that judgment can exist out in the ether without a case to support it. And that's what we've got. And that's what we've done here, is to come up with something that says they're divorced, but they have no rights. One way or the other, Sarah Goldman had rights in that divorce case. And either she has her rights as a surviving spouse and is restored to that marital status, or she would have had rights to finish the case. And what happens is that with the dismissal, she's restored all those rights, and that judgment goes away. If it had been the 35 days as you indicate, we would have had a different situation, and certain things would have happened, I'm sure, based on that 30-day, the 35-day period. But in this case, when you don't have a final order and the case is dismissed, the judgment goes away, because the case no longer exists. Courts have no jurisdiction. So the case can't exist in a vacuum, or the judgment can't exist in a vacuum, which is what the dismissal creates. Further, the interesting thing is, and I don't want to argue this, but because it wasn't – and I did argue it, but I don't want to get into that argument. Especially, there is some issue that if the divorce judgment wasn't final, when he died, it abated too. So there is some authority for what Judge Blockman did. But there are also a number of reasons that he could dismiss the case within the 30 days and put the parties back where they were. The issue of vacating the judgment, when we dismiss cases, nobody goes back and vacates all the orders, you just dismiss the case. That's the standard practice courts have used, in my experience, all over the state. Usually, you wouldn't have a judgment in a normal case, until the end of the case. In this case, she got a bifurcated judgment order. She got a judgment of dissolution. So that's unusual, as compared to other civil cases. You don't go back and vacate orders in a civil case, because there's never been a judgment. Right. Well, I mean, you sometimes get partial judgments in cases, and they're still dismissed, and then they take – everything goes away in those cases. This is a very unusual situation. And the fact is that it was dismissed within the 30 days, and that's what the court had the right to do, and it was up to the probate court to enforce the dismissal judgment that Judge Blockman entered. It's one of those situations that is very unique, but the procedural law of this state is such that the case is gone, she's restored. Another interesting point in this, that the order that was entered was a whole order. And part of it was the order that they're divorced. The other part of the order is that the ancillary issues are reserved for further order. So what you've got is that you've got part of the order that's being accepted, and part of the order is being invalidated because it was dismissed. Now, you can't pick and choose which part of the order you're going to have. Either you've got a whole order, which keeps the case going, or that whole order went away with the dismissal. And that's an important part to recognize. You can't pick and choose which part of the order you want to keep. So if the part of the order that gave the divorce is valid, the rest of the order that reserved the issues must also be valid. But because of the dismissal, the entire order went away. And this is one of those cases I have struggled with because the basic thing is, if the case was dismissed, and we've got all of these different things running around here in these interpretations of an order, when the case was dismissed, and it goes back to the basic procedural law of the state of Illinois, Would it have been more helpful if Judge Blockman had entered an order saying that the judgment as to grounds is vacated and the case is dismissed? That would have been more helpful, and we probably wouldn't be here, but the reality is that we don't do that. Courts don't do that. They just dismiss the case and it goes away because there's no longer a case. And procedural niceties and doing everything aren't always done when you dismiss cases. And I had a case recently that we dismissed, and we had some orders in there, and we did just the cause was dismissed, and that's what you do when you get rid of cases. And when the case is gone, they go back to where they were before the case ever existed. There's just no case. It would have been nice if he had vacated it, but he didn't. But he still dismissed the case. He had the authority to do it, and they never challenged it. And there were procedures that they could have challenged it, and they didn't do it. Finally, the probate court is a collateral proceeding, and a probate court can't modify what the trial judge did in the divorce case. He has to enforce the order, and the order was that the case was dismissed. And thereby, Sarah Doman is the surviving spouse of Mark Doman because they aren't divorced, because there's no divorce case. And that judgment cannot exist in a vacuum. Thank you. Thank you. Dave? May it please the Court? Counsel? It was entered, validly entered. There's no dispute that it was validly entered. Sarah Dean, Doman now Dean, wanted that order. There was a record made, questions asked very clear. She knew, and she wanted to be divorced. They would deal with the property issues later. Mr. Doman then died on July 4th. The wife's attorney then called the judge and said Mr. Doman died on July 4th. There was no written order or motion made to vacate the order that had already been entered. No indication that was made verbally. I believe the counsel was simply telling the judge that he's dead now. The ancillary matters set for July 11th aren't going to be able to proceed because there would need to be a personal representative substituted for that time. So the attorney, Sarah Dean, controlled what happened at that point in time by putting the ball into play. I believe that it certainly made sense that Judge Blockman, based upon a telephone call, would vacate the status hearing on the ancillary matters. What was irregular, though, was that he took any action at that time on an ex parte phone call relative to what remained in the case. But he did, and that's what the docket entry said. And what did you do as a result of that? Once he made that docket entry, my client, I don't believe, could do anything. And didn't do anything? And didn't do anything at that time. That's correct. But Sarah Dean didn't either. She could have filed as a party to the proceeding a motion to change that cause dismissed. Mark Doman couldn't because he was deceased. And a personal representative would have had to come in at that point in time. How would a personal representative have come in at that time if, according to Mr. Phipps, the divorce ended? So then the spouse under the probate act would have been able to petition. There certainly would have had to have been proceedings to determine who the administrator would have been. And by then, effectively not having a remedy. So with respect to how we got to this point, to say that we should have done something and were required to do something, and once the cause dismissed wasn't done, that they weren't required to do anything, I don't think the case should hinge upon that. Well, a personal representative certainly could have entered their appearance in the divorce case, correct? Well, not until one was appointed under the probate code. Well, it doesn't take very long to get a personal representative appointed, does it? Well, in a non-probate, in a case without a will, it does. Because you have to petition, you have to provide notice to people with equal preferences, and my client wouldn't have had the preference. Just as a practical matter, when did you become aware, or when did your client become aware that the divorce case was dismissed? You know, I can't answer that question for sure. I don't know when the daughters became aware that the divorce court case was dismissed, and I don't recollect off the top of my head when I became aware that it had dismissed representing them. I can't answer that question. But when you get to the actual, I think this stacks up. The written order that was entered in June ended up so that the parties were divorced. The statute itself under 413 says that becomes final. The statute says that the case doesn't abate when Mr. Doman in fact died. So what the judge did in dismissing the case without a hearing and without hearing from the other party, why would he do that unless the proceeding in fact abated? And since it doesn't, that couldn't have been the grounds for dismissal of the ancillary matters. When was the first time that anybody did anything after the death of Mr. Doman? The first filing officially was when the petition of Sarah Doman was filed in the divorce case to have letters issued of administration. In the divorce case or the probate case? In the probate case. That was the first time anything was officially done of record. There were communications amongst the attorneys relative to the procedural matters as well as substantive matters before that. So to answer your question, there were things going on outside of the court prior to then Mrs. Doman, John Phipps' client's filing and then my client's subsequent counterpetition to have letters issued. Mr. Tagg, don't you think though that provision about not abating would apply if she wanted to proceed in the divorce case and have the court adjudicate her marital property rights in the divorce case? She would have had a right to do that. Yes. But once the court, within the first 30 days of entering that judgment of dissolution, dismisses the case, do you think it makes a difference that it was done within the first 30 and not after? No. Okay, tell me why. Because the cases or the theory that Sarah Dean makes that the judgment can be modified is because the divorce is unitary. So if the divorce is unitary and the always has to go together, if you dismiss half the case within 30 days, what's the difference if you dismiss half the case on the 31st or the 32nd day? So if that judgment that is entered is subject to attack to be vacated by simply a dismissal of the ancillary matters, it wouldn't matter whether it was in 30 days or after 30 days. So I think that that is a red herring. The question becomes, could that judgment have been vacated within 30 days or after 30 days? There weren't proceedings relative to specific requests to vacate that judgment. So you would have to say that the cause is dismissed implicitly meant that the prior order that had been entered was vacated also. And I think that's what their position is. That's what their position is. I don't think that that is a sound position. Otherwise, now their position is it does make a difference whether it's within 30 days or 35 days. And I can't see where the law says that. You certainly can't make a motion within 30 days of entry of a judgment to have it vacated or dismissed. And there are certain rules that the court would apply if that was actually heard. Judge can't do that on his own. Right or wrong, could he enter an order of dismissal? Within 30 days? Well, I think that he can enter a dismissal order. The question is, can he issue an order vacating a previously entered written judgment within 30 days on his own? I would say no, the judge just can't vacate that order on his own. Well, I'm not so sure that that's correct. Maybe I behaved badly when I was a trial judge, but one or two times I can recollect that I made a finding and entered a judgment and it gnawed at me and gnawed at me and gnawed at me and said, I don't know if I made the right decision. So on my own, I would vacate the judgment and start all over. Was I wrong to do that? In the specific cases you're citing, probably not. Is that the case we have here? There's no indication. What's the difference? I mean, judgment is vacated, judgment is vacated. Okay, if Judge Blockman would have said, judgment vacated, cause is dismissed, we'd have a much different situation, I believe. Because then there would have to have been some determination in that divorce case as to whether or not that judgment was in fact properly vacated or not. But that's not what he did. He said in June, matter, are all ancillary matters reserved, then they set that for July 11th. On July 11th, he said cause set for July 11, 11, or on July 5th, he entered the docket entry, he said cause set for July 11, 11, which would be ancillary matters, is vacated. Then he says cause dismissed. Why would cause be anything different than the reserve matters that was actually been pending before the court at that point in time? And there's nothing to indicate that the judge was going to change this order because something was gnawing at him. In fact, there would be absolutely no reason because Sarah asked for the divorce, her attorney prepared the order, it was entered in open court, she was specifically cognizant of what this was actually going to do at that point in time. We have never taken the position that Mrs. Doman or Mrs. Deans rights as a creditor relative to the ancillary matters can't be made in the probate court. I think that's the appropriate place for them. She has a statute that said her divorce case did not abate in the probate case. I believe that the administrator could litigate issues relative to property under citation proceedings if Mr. Doman would have been entitled to something from Mrs. Doman's property or Mrs. Doman can make the claim in the estate and say that based upon the statute that the divorce didn't abate, since I was divorced from him, ancillary matters need to be decided, the probate court decides as a creditor what she's entitled to. Very similar to had they completed the divorce case and determined what she was entitled to but it hadn't been paid out yet, the probate case and the administrator would have to respond to that claim against the estate on behalf of Mrs. Dean. I believe I've covered with your questions, I've covered some of the stuff that was later on my list out of order, any other questions I'd be happy to answer. I don't see anything. I've got a number of points that I want to make and I'll just hit them very quickly. First of all, on 413 that Mr. Tang cites, that case says that the order is final subject to appeal which applies to all of the other procedural aspects of the 30-day period that the Code of Civil Procedure has. So the court has the inherent authority to do just exactly what you're talking about. The court may have had second thoughts about this whole thing after looking at it, he may have had that and dismissed it on that basis. We don't know. They did not go back to Judge Blockman and raise any of the issues. Sarah Dolman, the case was dismissed, that's exactly what she wanted, she was restored to her pre-filing marital status as a surviving widow. So she didn't need to and shouldn't have or had no reason to file anything. If they wanted to finish it or to try to defeat her status as a widow, they should have done so and they should have done so in Judge Blockman's court in the divorce case. Now, Mr. Tang is arguing that we can try this divorce case in the probate court. Well, you can't try a divorce case in the probate court for two reasons. As I indicated earlier, that when the case was dismissed and those ancillary issues are no longer before the court or any other issues before the court in the divorce case, that operates as an adjudication. Secondly, if they're going to make a claim as to Mr. Dolman's property, how does Mr. Dolman's estate make a claim against her for any property that she might hold or that might be titled in her name and try the divorce case in the probate court? There is no provision for that. That's why we have a divorce court. The divorce case is gone. That's the end of it. And it would have been cleaner for Judge Blockman to say, vacated, but he didn't. But traditionally, in Illinois, when a case is gone, it's gone and everything with it. And you can't have a judgment out there in a vacuum with no court having jurisdiction and no authority in the court. Might have been simpler if you tried this case in Ford County where there's only one judge. That would have been true. But we have two cases, two judges, two separate proceedings, and we have to respect what the court did in the divorce case. It's up to the probate court to enforce that order. And when they did nothing to question Judge Blockman or do anything or seek a special administrator, there are provisions in the codicil procedure for appointment of a special representative to finish litigation. You do them in all kinds of cases. It's a short, simple procedure. They've got to do it, like, within 90 days. And it works. I've done it. I've had several cases where that's happened. It's a very easy procedure. You go in, you make a motion, and you get the special representative appointed. We do them in wrongful death cases. You don't have to open an estate. That procedure is available. It should have been done in this case if they wanted to challenge what Judge Blockman did. I'm sure he would have appointed the daughter to challenge it, and we would have been in court. But the case was gone. You can't dismiss half the case. That's just that simple. If you're going to have the order, you've got to take the whole order or none of the order. So just to have a half a case order is just not proper. Thank you very much. Thank you, counsel. We'll take this matter under advisement and stand in recess until the readiness of the next case.